E-FILED
Thursday, 31 August, 2006  12:05:34 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRAVIS TYRONE DORTCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 04-4028 |
| | ) | |
| ALAN UCHTMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

Now before the Court is Petitioner, Travis Dortch's ("Dortch"), Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Amended Petition [#18] is DENIED.

### FACTUAL BACKGROUND

Following a jury trial in the Circuit Court of Warren County, Illinois, Dortch was found guilty of two counts of aggravated criminal sexual assault and one count each of home invasion and unlawful possession of a weapon by a felon.  He was sentenced to consecutive terms of 25 years' imprisonment on each of the first three offenses and a concurrent 5-year term on the fourth charge.  On appeal, he contended that the trial court abused its discretion in admitting evidence of his 1988 conviction for criminal sexual assault as the underlying felony for his weapons charge as opposed to his 1991 conviction for mob action.  The Illinois Appellate Court affirmed his sentence and conviction on February 23, 1996.  Dortch filed a Petition for Leave to Appeal to the Illinois Supreme Court raising the same the same issue, but his petition was denied on December 4, 1996.

On December 27, 1996, Dortch filed a post-conviction petition in the trial court.  In his petition, he raised essentially six claims: (1) he was denied a fair and impartial jury; (2) he was denied effective assistance of counsel in that counsel exhibited hostility toward him and misled the jury into believing that he would present an alibi defense; (3) appellate counsel was ineffective for filing an Anders brief; (4) the prosecutor committed misconduct when he added an additional count of aggravated criminal sexual assault the day before trial; (5) the trial court abused its discretion when it allowed the State to prove unlawful use of a felon with the 1988 sexual assault offense as the underlying felony; and (6) his sentence is excessive.  The petition was denied without a hearing.  His request for reconsideration was also denied, and Dortch appealed to the Illinois Appellate Court.  On appeal, the Appellate Court reversed.  The State then pursued a Petition for Leave to Appeal to the Illinois Supreme Court.  The Illinois Supreme Court denied the Petition for Leave to Appeal but also vacated the Appellate Court's judgment and remanded for consideration in light of People v. Gooden, `89 Ill.2d 209 (Ill. 2000).  On May 30, 2000, the Illinois Appellate Court affirmed the denial of the post-conviction petition.  Dortch then filed a Petition for Leave to Appeal arguing that his case was distinguishable from Gooden, and the Petition was denied on October 4, 2000.

On September 21, 2000, Dortch sought permission to file a successive post-conviction petition raising four claims of error: (1) his sentences must be reduced in light of Apprendi v. New Jersey; (2) he was denied his right to a trial because the State added another count of aggravated criminal sexual assault after he refused a plea offer; (3) he was convicted by an all white jury contrary to Batson v. Kentucky; and (4) the Illinois Post-Conviction Hearing Act is unconstitutional.  On November 27, 2000, he was granted leave

to file a successive petition with respect to his Apprendi claim, and his petition was denied that same day after the circuit court found no Apprendi violation and that his claims were not supported by the record.  Dortch's Apprendi claim was also denied on reconsideration. On appeal, he argued that the trial court erred in entering a partial summary judgment and that appointed counsel did not comply with Supreme Court Rule 651(c).  The Illinois Appellate Court affirmed on June 19, 2003.  In a Petition for Leave to Appeal, Dortch argued that the appellate court had erred in finding that he had suffered no prejudice by the summary dismissal of his claims and that the trial court lacked authority to summarily dismiss some of his claims and appoint counsel on only one claim.  The Illinois Supreme Court denied the Petition for Leave to Appeal on October 7, 2003.

On April 28, 2003, Dortch filed a third post-conviction petition in which he alleged: (1) that the Illinois Supreme Court should not have applied Gooden to his case; (2) newly discovered evidence demonstrated that he was not proven guilty beyond a reasonable doubt; (3) his consecutive sentences were unconstitutional; and (4) his conviction violated Batson.  The petition was denied on July 11, 2003, as barred by *res judicata* and otherwise without merit.  Dortch appealed, and the Illinois Appellate Court affirmed on October 27, 2004.  He did not file a Petition for Leave to Appeal.

Dortch then filed a Petition for Writ of Habeas Corpus pursuant to § 2254 before Judge McDade.  He was given leave to amend his Petition, in which he argues: (1) the trial court improperly admitted his 1988 sexual assault conviction for proving the charge of possession of a firearm by a felon in violation of his due process rights; (2) he was denied his right to a speedy trial with respect to his second aggravated criminal sexual assault charge; (3) he was deprived of Grand Jury proceedings in violation of the Fifth Amendment

and counsel was ineffective for failing to raise the claim on appeal; (4) the prosecutor improperly excused all African American jurors; (5) he received ineffective assistance of counsel for failure to call an alibi witness, failure to seek a mistrial, failure to file a motion to dismiss Count IV for violation of the federal Speedy Trial Act, and failure of appellate counsel to raise an issue regarding trial counsel's effectiveness on appeal; (6) he was penalized for exercising his right to a jury trial; (7) he was not found guilty of home invasion beyond a reasonable doubt; and (8) the mandatory consecutive sentencing provision is unconstitutional under the Illinois State Constitution. Judge McDade dismissed claims two, three, four, seven, and eight, and ordered the State to respond only to claims one, five, and six. The State filed its response, and the matter was subsequently reassigned to this Court for resolution. This Order follows.

## LEGAL STANDARD

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. Id. In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a

remedy no longer exists when the federal petition is filed.  Id.  In the present case, Respondent does not argue that Petitioner has failed to exhaust his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court.  Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992).  This occurs in one of two ways.  First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59.  The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural.  Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice.  Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 1572-73 (1982); Farrell, 939 F.2d at 411.  Review in federal court is also possible if a fundamental miscarriage of justice would otherwise occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent.  Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 864-67 (1995).

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis.   A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also* <u>Lindh v. Murphy</u>, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. <u>Id.</u> at 869.  In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error. <u>Id.</u> at 870 (internal quotation marks omitted).  A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." <u>Id.</u> at 871, 876-77.  Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved.  A petitioner must rebut this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## DISCUSSION

As set forth above, Dortch has three different claims for relief remaining.  In order for a claim to be addressed in a § 2254 proceeding, a petitioner must first establish that he has fully and fairly presented his claim to the state courts by giving them a meaningful opportunity to consider the substance of any such claims.  <u>Harris v. McAdory</u>, 334 F.3d 665, 668 (7th Cir. 2003), *citing* <u>Chambers v. McCaughtry</u>, 264 F.3d 732, 737 (7th Cir. 2001).

Here, the record reveals that although he presented a claim that the trial court improperly admitted evidence of his 1988 sexual assault conviction to prove the felon in possession of a firearm charge on direct appeal, the claim was presented as a state law evidentiary claim rather than a federal due process claim.  He relied solely on state evidentiary law, citing no relevant federal cases or state cases applying constitutional law to similar factual scenarios, and made no attempt to allege the customary factual assertions that indicate claims of constitutional dimensions.  Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004) (finding that "[p]resenting the 'same claim' in state court that he later seeks to make in federal court means that the petitioner must alert the state courts that he is relying on a provision of the federal constitution for relief.")  Thus, the Court concludes that no claim that the trial court violated his due process rights on this basis was ever presented to the state courts at any time, and he has therefore procedurally defaulted this claim. Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995).[1]

Dortch's claims of ineffective assistance are also procedurally defaulted.  Although Dortch did raise a claim of ineffective assistance of counsel in his post-conviction petition, on appeal from the denial of that petition, he argued only that counsel was ineffective for failing to file a motion to dismiss Count IV based on state speedy trial grounds pursuant to 725 ILCS 5/103-5(a).[2]  Accordingly, like his due process claim regarding his 1988

---

[1] The Court further notes that as a state evidentiary claim, Dortch's claim would not be cognizable in this federal habeas corpus proceeding.  Robertson v. Hanks, 140 F.3d 707, 712 (7th Cir. 1998).

[2] Even assuming that Dortch's claim that counsel was ineffective for failing to file a motion to dismiss could be deemed to have fairly presented the gist of a federal claim, it would still be procedurally defaulted because he failed to raise this claim in his Petition for Leave to Appeal from the denial of his post-conviction petition and therefore failed to

conviction, the ineffective assistance claims he now seeks to present were not presented to the state courts at any time.   Failure to raise claims in the state courts results in procedural default. Perruquet, 390 F.3d at 514; Rodriguez, 63 F.3d at 555.

Dortch's last claim is that he was penalized for exercising his right to a jury trial where: (1) the prosecutor withdrew his plea offer, and (2) the sentencing order provided for a heavier punishment than that provided in the plea agreement.   In one of his successive post-conviction petitions, Dortch claimed that he was punished for exercising his right to trial because the State added a count of aggravated criminal sexual assault when he refused a plea offer.  However, he failed to present this claim in either his appeal or Petition for Leave to Appeal to the Illinois Supreme Court.  As such, he failed to raise his claim in one complete round of state court review, and it is procedurally defaulted.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999).

A review of the record reveals that the second part of his claim, that the sentencing order contained a heavier punishment than that offered in the plea negotiations, was never presented to the state courts at any time.  Accordingly, Dortch has procedurally defaulted this claim, as well.  Perruquet, 390 F.3d at 514; Rodriguez, 63 F.3d at 555.

Procedurally defaulted claims can be reviewed by a federal court only upon a showing of cause and prejudice or a fundamental miscarriage of justice.  To establish cause, a petitioner must show that some external impediment prevented him from asserting his federal claim in state court. Murray v. Carrier, 477 U.S. 478, 488 (1986).  Prejudice can be established where a petitioner can show "not merely that the errors at his trial created

---

present it for one complete round of state court review.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999).

a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." United States v. Frady, 456 U.S. 152, 170 (1982).

Here, while Dortch makes rambling reference to the standards for establishing cause and prejudice, he makes no real attempt to demonstrate cause for failing to raise the claim in the state courts and repeatedly argues that his default should be imputed to the State and, therefore, must be excused.  He was represented by different counsel at trial, on appeal, and in his post-conviction proceedings.  Even assuming that he could demonstrate cause, Dortch has also failed to demonstrate that he has suffered actual prejudice and does not even attempt to argue that had counsel raised his claims on appeal the result would surely have been different.

Nor does Dortch make any attempt to invoke the fundamental miscarriage of justice exception.   To properly invoke the narrow fundamental miscarriage of justice exception, allegations of constitutional error must be supported by new, reliable evidence that was not presented at trial.   Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 865 (1995).  A petitioner must then show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 867-68; Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003).  Dortch makes no showing that he is actually innocent of the charges against him and presents no new, reliable evidence which was not presented at trial.  He has therefore failed to excuse his procedural default of any of this claims, and the claims are now barred from further consideration in this Court.

**CONCLUSION**

For the reasons set forth herein, Dortch's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#18] is DENIED.  This matter is now terminated.

ENTERED this 31st day of August, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge